IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| D.C. and J.C1 Individually and as Next Next Friends of J.C.2. <br>     Plaintiffs, <br><br> And <br><br> MSD Decatur Township, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) Cause No.  1:23-cv-1021 <br> ) <br> ) <br> ) |

COMPLAINT and DEMAND FOR TRIAL BY JURY

COMES NOW, Plaintiff, D.C. and J.C.1, individually and as Next Friends of J.C., and do hereby bring this action against Defendant, MSD Decatur Township for discrimination against J.C.2 on the basis of his disability. Plaintiffs hereby requests a trial by jury in this matter.

INTRODUCTION

1. This action is brought pursuant to the Fourteenth Amendment of the U.S. Constitution, Section II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.

2. D.C., J.C.1 and J.C.2 all live in Marion County, Indiana. MSD Decatur Township is also located in Marion County.

3. J.C. the student, has been diagnosed with a disability, namely he is hearing impaired and requires hearing aids.

4. MSD Decatur Township ("Decatur") discriminated against D.C. and J.C1. and their son J.C.2 on the basis of J.C.2's disability and as a result, they have suffered emotional, pecuniary, and actual damages.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 USC §1331 and §1367.

6. This Court, without regard to the amount in controversy has jurisdiction over the Plaintiffs' request pursuant to federal statutes and Indiana statutes.

7. Venue is proper in the Southern District of Indiana, Indianapolis Division, because all of the actions took place in Marion County. Additionally, the parties lived, resided, or were incorporated in Marion County, Indiana when all the relevant action took place.

## PARTIES

8. [Initials] are J.C.'s parents (collectively "the Family"). Their address is [address]. While the Family does not live in Decatur, they made an out-of-district application for J.C. to attend Decatur, which was accepted.

9. J.C. began attending Decatur at the beginning of the 2022-2023 school year.

10. Decatur is a public school corporation in Marion County, Indiana located at 5275 Kentucky Ave., Indianapolis, IN 46221.

## FACTS APPLICABLE TO ALL COUNTS

11. J.C. began attending school in Decatur at the beginning of the 2022-2023 school year.

12. Decatur is a public school corporation that receives federal funding under the Elementary and Secondary Schools Emergency Relief Fund, the IDEA, Title One, and School Nutrition Funds.

13. J.C2. was active in extra-curricular activities at Decatur, including the football team.

14. By all accounts, J.C.2 is a good football player. He is good enough that he has had experience playing both offense and defense. He has traditionally been a starter for all the teams on which he has played and he has traditionally played the entire length of the game.

15. This was true at Decatur also. When J.C.2 began playing at Decatur, he played both offense and defense and he traditionally played the entire length of the game from the beginning.

16. Throughout the time J.C.2 played for the Decatur coach, the coach became increasingly hostile towards him. He began to take him off of plays in which he was traditionally involved and relegated him only to offensive team play.

17. Eventually, the coach would not allow him to play at all.

18. During the time the coach stopped allowing J.C.2 to play, the coach also began harassing J.C. on the basis of his disability.

19. The coach harassed J.C. by yelling at him and cursing at him repeatedly.

20. During the school day, the coach pulled J.C.2 to the side and made fun of him for not playing and for his difficulty hearing.

21. The coach has called J.C.2 "deaf motherfucker" to his face while at school.

22. The coach has grabbed J.C.2 by his helmet and pulled him off the field.

23. J.C.2 has been repeatedly harassed and humiliated by adult staff in front of his peers.

24. At multiple points, the football coaching staff pulled J.C. out of class numerous times to be questioned in an empty classroom by multiple adult staff. During these occasions, J.C.2 reports being cursed at and berated.

25. J.C.1 reported these actions to administration. D.C., J.C.2's father also reported that J.C.2 was having a hard time in school as a result of the harassment.

26. The Family was told that an investigation took place and the coach was reprimanded, but unfortunately, that made things worse for J.C.

27. When J.C.2's parents asked about what happened after the investigation, the principal stopped communicating with them.

28. The School's failure to protect J.C.2 from actions and comments motivated by discriminatory animus has created a hostile educational environment for J.C.2 and does not comport with the equal protection to which J.C.2 and his family are entitled under the U.S. Constitution.

29. Based on Decatur's failure to protect J.C.2 from discrimination, J.C.2 felt unsafe and compelled to quit the football team. J.C.2 continues

to feel unsafe and plans to attend a private school for the remainder of his schooling.

## COUNT 1 – VIOLATION OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

30. Plaintiffs hereby replead and incorporate by reference paragraphs 1-19.

31. J.C.2 is a person with a disability. He is a member of a protected class.

32. The Family applied to allow J.C.2 to attend school at Decatur and Decatur accepted them. Accordingly, the Family is entitled to send their child to school without fear of harassment or discrimination.

33. Decatur violated the Fourteenth Amendment by not providing Plaintiffs access to the same benefits and services that are available to all other families and because they have failed to protect J.C.2 from harassment from which they would have protected non-disabled students.

34. The Plaintiffs have been emotionally and financially harmed by Defendants' actions.

## COUNT II – VIOLATION OF 42 U.S.C. §1983

35. Plaintiffs hereby incorporate and replead paragraphs 1-36.

36. Defendant is a state actor and used its power to willfully, wantonly, and recklessly discriminate against the Family on the basis of J.C.2's disability.

37. Decatur used its authority under state law to deprive them of equal protections under applicable federal laws.

38. Decatur conspired against Plaintiffs to deprive them of equal protections under applicable federal laws.

39. Decatur 's actions were a gross misjudgment and made in bad faith.

40. Decatur has a widespread pattern and practice of discriminating against disabled students by not providing them with the same protections as other students or punishing them more frequently for similar behaviors.

41. Decatur's relevant policies and practices have had a disparate and disproportionate impact on disabled students.

42. Plaintiffs have been emotionally and financially harmed by Defendants' actions.

COUNT III – VIOLATION OF AMERICANS WITH DISABILITIES ACT

43. Plaintiffs hereby incorporate and replead paragraphs 1-44.

44. Decatur discriminated against the Family on the basis of J.C.2's disability.

45. Decatur is a state actor and receives federal funds for J.C.2's benefit, including but not limited to funds under the Elementary and Secondary Schools Emergency Relief Funds, Title One, School Nutrition Funds, and funds under the IDEA.

46. MSD Decatur's actions have prevented J.C.2 from accessing a state actor's programs, including the football team.

47. Decatur's actions and inactions created an environment that was severe and pervasive enough to deprive J.C.2 of access to educational benefits.

48. As a result of discrimination, Plaintiffs have suffered both financially and emotionally.

## COUNT IV – VIOLATION OF SECTION 504

49. Plaintiffs hereby replead and incorporate by reference all allegations in paragraphs 1-50.

50. J.C.2 is a qualified individual with a disability.

51. Decatur's actions have prevented J.C.2 from accessing a state actor's programs, including the football team.

52. Decatur's actions and inactions created an environment that was severe and pervasive enough to deprive J.C.2 of access to educational benefits.

53. As a result of discrimination, Plaintiffs have suffered both financially and emotionally.

## PRAYER FOR RELIEF

54. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-55.

55. Plaintiffs were harmed as a result of Decatur's actions and seek to be made whole financially.

56. Plaintiffs seek financial damages in an amount to be determined at trial.

57. Plaintiffs seek training for MSD Decatur Township regarding disability inclusion.

58. Plaintiffs are entitled to all damages, including but not limited to compensatory and punitive damages.

59. Plaintiffs' attorneys' fees should be reimbursed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court finds against Defendants and for all other relief deemed just.

Respectfully submitted,
CURLIN & CLAY LAW ASSN. OF ATTYS.,
/s/ Alexandra M. Curlin

---

Alexandra M. Curlin  #24841-49
Curlin & Clay Law
8510 Evergreen Ave., Ste. 200
Indianapolis, IN 46340
amcurlin@curlinclaylaw.com