UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| J.C.1 AND D.C., INDIVIDUALLY AND AS NEXT FRIENDS OF J.C.2, <br><br> Plaintiffs, <br><br> v. <br><br> MSD DECATUR TOWNSHIP, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) No. 1:23-cv-1021-JMS-MJD |

**ORDER ON MOTION TO PROCEED UNDER PSEUDONYM**

This matter is before the Court on Plaintiffs' Motion to Proceed Under Pseudonym, [Dkt. 9], requesting that the Court allow Plaintiffs to pursue this action anonymously to protect the identity of a minor. Defendant has not filed a response to the motion. For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion.

### I. Background

J.C.2 is a minor who is hard of hearing and wears hearing aids in both ears. His parents, Plaintiffs J.C.1 and D.C., bring this case on his behalf. Plaintiffs allege that J.C.2, a student in the MSD of Decatur Township, experienced discrimination at school because of his hearing issues. J.C.2 has grown his hair to hide his hearing aids and has transferred to a new school district, a small and tight-knit community. Plaintiffs seek to use their initials instead of their full names in order to avoid J.C.2 being identified.

### II. Applicable Law

There is a strong presumption in favor of open proceedings in which all parties are identified, but federal courts also have discretion to allow a plaintiff to proceed using a

pseudonym to protect his identity. *Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). The presumption that parties' identities will be public information can be rebutted by showing that the harm to the plaintiff exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

This Court has "an independent duty" to determine whether "exceptional circumstances" exist to justify a departure from the typical method of proceeding in federal court under a party's real name. *Id.* at 669-70. The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Does v. City of Indianapolis, Ind.*, No. 1:06-cv-865-RLY-WTL, 2006 WL 2289187, at *1-2 (S.D. Ind. Aug. 7, 2006). In determining whether to allow a plaintiff to proceed anonymously, the non-exhaustive factors articulated in *EW v. New York Blood Center* are helpful:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see also Doe v. Ind. Black Expo*, 923 F. Supp. at 140 (applying nearly identical five-factor test). Discretion when applying this test lies with the district court. *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997).

The Court will discuss the relevant factors below.

### III. Discussion

The first factor weighs in favor of anonymity because Defendant is a public school corporation and thus Plaintiffs are challenging governmental activities.

The second factor also weighs in favor of Plaintiffs' request because of the intimate details related to the discrimination that J.C.2 suffered.  Also, J.C.2 is a minor whose identity must be protected pursuant to Federal Rule of Civil Procedure 5.2(a)(3).  Revealing J.C.2's parents' identities would thwart the protection provided by the Rule because it would be possible for J.C.2's own identity to be readily ascertained.

The fourth factor supports anonymity as well.  A victim of discrimination at school has the risk of emotional injury if his identity is revealed.  See *L. W. v. Roman Catholic Archdiocese of Indianapolis, Inc.*, 2021 WL 5712191 at *2 (S.D. Ind. Dec. 1, 2021).  To avoid being identified and leave the trauma behind, J.C.2 has grown his hair to hide his hearing aids and has transferred to a new school district, so Plaintiffs reasonably wish to use their initials to mitigate the risk of emotional harm to J.C.2.

Under factor five, Defendant will not be prejudiced by Plaintiffs proceeding anonymously, and, as noted, Defendant has not opposed this motion.  Thus, this factor also favors Plaintiffs' request.

Finally, allowing Plaintiffs to remain anonymous will not interfere with the ability of the public to ascertain the status of this case.  Plaintiffs' anonymity will not hurt the public interest in guaranteeing open access to proceedings, as the record will not be sealed.  Moreover, "[t]he courtroom proceedings will remain open, subject to the least intrusive means possible of protecting the identities of the parties and witnesses.  The actual identities of Plaintiff[s] . . . [is] of minimal value to the public." *Doe v. Purdue Univ.*, 321 F.R.D. 339, 343 (N.D. Ind. 2017).

.

## IV. Conclusion

Despite the fact that the Seventh Circuit has expressed disapproval of anonymous litigants absent good reason, in this case, the Court concludes in this case that Plaintiffs' need for anonymity outweighs the presumption of openness in judicial proceedings. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Proceed Under Pseudonym. [Dkt. 9.] The Court hereby orders the following:

1. Plaintiffs may proceed in this case under the pseudonyms J.C.1 and D.C.
2. All exhibits, memoranda, affidavits, and other papers filed with the Court in connection with this action shall be written or redacted so as to exclude Plaintiffs' full names and to refer to Plaintiffs and J.C.2 by their initials only.
3. Any document that contains Plaintiffs' actual names or identifying information shall have the names redacted prior to filing.

SO ORDERED.

Dated: 17 AUG 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.